UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE WILLIAMS WIFE OF/AND DEMAS WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10200** |
| **SOUTHERN HOME CARE SERVICES, INC. d/b/a RESCARE HOME CARE, DERON JOHNSON** | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

The plaintiffs, Leslie Williams and her husband, Demas Washington, filed this complaint against Southern Home Care Services d/b/a Rescare Home Care ("Southern Home Care") and Deron Johnson asserting claims of employment discrimination, sexual harassment, hostile work environment, intentional inflicting of emotion distress, and battery. Rec. Doc. Nos. 1, 1-1. Among her claims, Williams alleged that defendant Johnson was another employee who sexually harassed her, cursed at her, and threatened her after she reported his inappropriate sexual activities at the work place to the management, and management failed to take corrective action or relieve the hostile work environment. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 United States Code § 636(b) to address non-dispositive pretrial matters and for the submission of proposed Findings and Recommendations as appropriate.

### I.   Relevant Procedural Background

The original defendant Southern Home Care, which was served in the state court proceeding, removed the plaintiffs suit from state court on October 5, 2017. Rec. Doc. No. 1. Shortly thereafter, on October 17, 2017, the plaintiffs filed an Amended Complaint seemingly to supplement the complaint to include defendant, Res-Care, Inc., and remove reference to Southern Home Care in the prayer for relief. Rec. Doc. No. 4.

On December 18, 2017, the undersigned Chief Magistrate Judge issued a Show Cause Order for plaintiffs to show cause for the failure to serve defendant Deron Johnson in accordance with Fed. R. Civ. 4(m) or face dismissal of the claims against that defendant. Rec. Doc. No. 6. After obtaining an extension of time to do so, plaintiffs eventually filed an affidavit of service and a return of executed service on Johnson in January of 2018. Rec. Doc. Nos. 9, 10, 11, 12. While Res-Care, Inc. filed an answer on February 26, 2018 (Rec. Doc. No. 13), there has been no answer or responsive pleadings filed by Johnson.

On March 9, 2018, the Court issued a second Show Cause Order for plaintiffs to show cause for their failure prosecute by moving for a default or other action against the non-responsive Johnson. Rec. Doc. No. 14. The plaintiffs thereafter filed a motion for entry of default which was granted by the District Judge on March 15, 2018. Rec. Doc. Nos. 15, 16.

Three months later, on June 22, 2018, the Court issued a third Show Cause Order requiring plaintiffs to show cause for their continued failure to prosecute the case as to Johnson. Rec. Doc. No. 17. On July 17, 2018, the Court received a reply from plaintiffs' counsel indicating that he had suffered medical issues rendering him disabled and impacting his ability to practice law. Rec. Doc. No. 18. This prompted the Court to allow an additional ninety (90) days from August 6, 2018, for the plaintiffs to pursue the matter against Johnson. Rec. Doc. No. 19. The plaintiffs took no action during that extended time period.

On February 4, 2019, the plaintiffs enrolled current counsel and still, no action was taken to pursue the matter against Johnson. Rec. Doc. Nos. 20, 21. Instead, on February 28, 2019, the undersigned Magistrate Judge issued a fourth Show Cause Order requiring the plaintiffs to prosecute this action against Johnson. Rec. Doc. No. 22. On March 14, 2019, plaintiffs' counsel sought an extension of time to meet with the plaintiffs and plan a course of action to prosecute this

case and seek a default judgment against Johnson. Rec. Doc. No. 23. The Court granted the motion and gave the plaintiffs until March 29, 2019 to apply for a default judgment. Rec. Doc. No. 24. As of this writing, the plaintiffs have failed to move for default judgment to satisfy the Court's show cause orders.

## II.      Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's authority to dismiss a plaintiff's claim is based on the "'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Such a dismissal may be with or without prejudice based on the circumstances of the case. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *Berry*, 975 F.2d at 1191. The Court would also consider the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

The federal courts consider a dismissal with prejudice to be "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry*, 975 F.2d at 1191 (internal

quotations and citations omitted).  Because of this, the federal courts are to consider whether any lesser sanction exists that could possibly prompt diligent prosecution and still serve the interests of justice.  *Id*. (citing *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970)).  This may include "assessment of fines, costs, or damages against the Plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Rogers v. Krogers*, 669 F.2d 317, 321 (5th Cir. 1982).

If it is determined that no such compromise sanction can be reached, dismissal remains the appropriate remedy for the plaintiff's failure to prosecute, leaving a court to determine whether the dismissal is with or without prejudice.  *See Berry*, 975 F.2d at 1191.  As noted above, the severe sanction of dismissal with prejudice "is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiff its benefits." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (internal quotations omitted).  The Fifth Circuit requires one of the following aggravating factors to exist for a dismissal with prejudice:  "1) delay caused by the plaintiff himself, not his attorney; 2) actual prejudice to the defendant; or 3) delay caused by intentional conduct." *Morgan v. Americas Ins. Co.*, 759 F. App'x 255, 257 (5th Cir. 2019) (citing *Berry*, 975 F.2d at 1191 and *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).  The Court also has held that delay "must be longer than just a few months," *McNeal*, 842 F.2d at 791, and is considered clear on the record where there have been "significant periods of total inactivity," *Morgan*, 759 F. App'x at 258 (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008)).

### III.  Analysis

In the record before the Court, there is no question that the plaintiffs have allowed significant periods of inactivity and have only chosen to prosecute this case when prompted to do

4

so by the undersigned Magistrate Judge by Show Cause Order. The case has been pending in this federal court since its removal on October 5, 2017, after having been filed by the plaintiffs in state court on August 25, 2017. Rec. Doc. No. 1. Following its removal, the plaintiff's filed an amended complaint and did nothing to move the case forward against Johnson. For that matter, the plaintiffs have filed no unprompted pleadings in this Court since the answer by Res-Care, Inc. in February of 2018.

Because the plaintiffs have failed to fully prosecute the case, there has been no joinder of the issues and this Court has been unable to schedule pretrial and trial dates. The record contains no indication that the parties have been able to commence the discovery process to secure the necessary evidence and witnesses which have cooled since the early-2017 events at issue in the complaint. Even considering the medical issues of their original counsel of record, the Court finds no doubt in this record that the plaintiffs have engaged in unnecessary delay and have opted not to prosecute this case, especially against Johnson, unless prompted to do so by the Court. In sum, the plaintiffs have failed to prosecute this case and are now subject to sanction, if not involuntary dismissal of the claims against Johnson under Fed. R. Civ. P. 41(b).

Even now, the Court's promptings to prosecute has fallen on deaf ears under new counsel's watch. The one factor missing in the Court's review of the record, however, is a clear indication as to whether the inordinate delay and lack of effort is due to the plaintiffs or counsel. With that one factor in question, the Court is not willing to recommend at this time that the sanction for the failure to prosecute be dismissal with prejudice, though dismissal is still the better option.

Before resorting to dismissal, the Court has considered the possibility of other, lesser sanctions. The lesser measure already utilized by the Court has been to no avail. The Court's Show Cause Orders (and repeated extensions of time) warned the plaintiffs that dismissal of the

claims against Johnson would occur if they failed to prosecute and move for default judgment. Thus far, the warnings in those orders have been all but ignored by the plaintiffs. The Court has used these warnings to guide the course of this litigation and the plaintiffs have not heeded.

Of the other suggested lesser sanctions in *Rogers*, *supra*., the assessment of fines, costs, or damages against the plaintiffs or their counsel do not seem to fit the nature of this case. At this time, the Court has no record of any costs or fees to be reimbursed to an aggrieved other party or the Court itself. The Court also in not convinced, nor does the record show, that attorney disciplinary actions are warranted or that such measures would rectify the injustice done by the delays in this case (especially since the perpetrator of the delay is not clear from the record).

At this point, the most appropriate sanction is the one about which the plaintiffs have been repeatedly warned, and that is dismissal. Because the Court does not have a record to necessarily support the harsh imposition of prejudice, the Court will recommend dismissal of the plaintiff's claims against Johnson without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**IV.    Recommendation**

It is therefore **RECOMMENDED** that the plaintiffs' claims against defendant Deon Johnson be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this  15th  day of May, 2019.

                                      **KAREN WELLS ROBY**
                             **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.