UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE WILLIAMS WIFE OF/AND DEMAS WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10200** |
| **SOUTHERN HOME CARE SERVICES, INC. d/b/a RESCARE HOME CARE, DERON JOHNSON** | **SECTION "S"(4)** |

### SUPPLEMENTAL PARTIAL REPORT AND RECOMMENDATION

On May 15, 2019, the undersigned issued a Report and Recommendation proposing the dismissal of the claims against defendant Deron Johnson. Rec. doc.25. The plaintiffs filed objections to the undersigned's recommendation. Rec. doc. 26. Thereafter the District Judge referred the report and recommendation back to the undersigned because the objection contains an argument not previously presented for consideration. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 United States Code § 636(b) to address non-dispositive pretrial matters and for the submission of proposed Findings and Recommendations as appropriate.

**I.      Factual Background**

    **A. Relevant Procedural Background**

Williams alleged that defendant Johnson was another employee who sexually harassed her, cursed at her, and threatened her after she reported his inappropriate sexual activities at the work place to the management, and management failed to take corrective action or relieve the hostile work environment.

The original defendant Southern Home Care, which was served in the state court proceeding, removed the plaintiff's suit from state court on October 5, 2017. Rec. Doc. No. 1.

Shortly thereafter, on October 17, 2017, the plaintiffs filed an Amended Complaint seemingly to supplement the complaint to include defendant, Res-Care, Inc., and remove reference to Southern Home Care in the prayer for relief.  Rec. Doc. No. 4.  Deron Johnson was served on February 7, 2018. Despite having been served Johnson has not filed an answer and the plaintiffs have taken no more action against him.  Issue has not been joined as to Johnson.

After multiple delays in prosecuting the case against Johnson, no response to multiple show cause orders of the court and only after the initially issued report and recommendation,  plaintiffs now object to the proposed order after the fact.[1]  Despite their failure to make any indication one way or the other, now plaintiffs contend that they should not be required to  pursue a default judgment against Johnson because of the risks of inconsistent judgments between he and his employer.  Plaintiff's further suggest that the court should proceed with the issuance of a scheduling order and set the matter for trial, Johnson should not be dismissed and nor should they be required to pursue a default judgment against him.  Plaintiffs however fail to explain how the risk of inconsistent judgment could manifest.

B. **The Complaint**

This is an employment discrimination cases in which Leslie Williams worked as a caregiver at Res-Care at its May flower location.  During her employment she alleged observed two coworkers having sex while at work.  Campbell, one of the accused coworkers approached

---

[1] On February 4, 2019, the plaintiffs enrolled current counsel and still, no action was taken to pursue the matter against Johnson.  Rec. Doc. Nos. 20, 21.  Instead, on February 28, 2019, the undersigned Magistrate Judge issued a fourth Show Cause Order requiring the plaintiffs to prosecute this action against Johnson.  Rec. Doc. No. 22. On March 14, 2019, plaintiffs' counsel sought an extension of time to meet with the plaintiffs and plan a course of action to prosecute this case and seek a default judgment against Johnson.  Rec. Doc. No. 23.  The Court granted the motion and gave the plaintiffs until March 29, 2019 to apply for a default judgment.  Rec. Doc. No. 24.  As of this writing, the plaintiffs have failed to move for default judgment to satisfy the Court's show cause orders.

Williams and allegedly aggressively approached her and told Williams that the House Manager Labrina Martin had told Campbell that it was Williams who made the report. Williams complains that she felt unsafe when Campbell approached her and also allegedly attempted to intimidate her. Johnson, the other coworker in the sexual tryst approached Williams making physical movements in front of her and stated to her "I will make you get on your knees and suck my dick". He called her names such as "slut", "whore", "stupid" bitch" and Williams again reported Johnson's actions to Martin who did nothing to remedy her complaint.

Johnson allegedly attempted to assault her with a shovel on April 23, 2017, she called the police who instructed her to leave the work place since she could not get into contact with her supervisors as neither answered their phones. Williams thereafter sent a text message to the Head Coordinator to advise him about the incident, told him that she could not get into contact with her supervisors. Sometime later, her supervisor wrote her up and suspended her for three days for leaving the work place without permission and advised her that an investigating was being conducted. After the investigation was complete, she was terminated on May 4, 2017.

In addition to suing her employer and Johnson for sexual discrimination and retaliation, she also sued her coworker Johnson for battery. Finally, she also attempts to assert a claim for intentional infliction of emotional distress presumably against both.

## II. Analysis

Contrary to the objection lodged by the plaintiff's counsel, there is no risk of an inconsistent judgment because Title VII only applies to employers, mere employees such as Johnson cannot be sued in his individual capacity. Title 42 U.S.C. § 2000e(b); see also *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.1995). *Hughes v. CACI, Inc.*, 384 F.Supp.2d 89, 91 n. 2 (D.D.C.2005). The only

3

proper claim against Johnson is for the alleged battery and Res-Care is not a party to that suit. Consequently, the Recommendation of this Court remains as recommended on May 15, 2019.

The plaintiffs have seemingly made their choice not to pursue the available remedy of a default judgment despite the tolerance and merciful nature of the undersigned.

## IV.     Recommendation

It is therefore **RECOMMENDED** that the plaintiffs' claims against defendant Deon Johnson be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 3rd day of December 2019.

                                                **KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.