UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE WILLIAMS WIFE OF/AND DEMAS WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-10200** |
| **RES-CARE, INC.** | **SECTION: "KWR"** |

## ORDER

Before the Court is Defendant Res-Care, Inc. ("Res-Care")'s **Motion to Fix Attorney's Fees (R. Doc. 36)** seeking an order from this Court awarding attorneys' fees in connection with filing their Motion to Compel (R. Doc. 34) in the amount of $2,521.00 against the Plaintiffs. This motion is opposed. R. Doc. 41. This motion was set for submission on June 3, 2020 and was heard on the briefs.

**I.   Background**

On August 25, 2017, Plaintiff Leslie Williams filed her Petition for Damage in 40th Judicial District Court for the Parish of St. John in Louisiana State Court. R. Doc. 1-1. Williams and her husband Washington seek damages for sexual discrimination, intentional infliction of emotional distress, retaliation, and battery. *Id.*

Plaintiff alleges that she was hired as a caregiver at Defendant Res-Care's Mayflower location. *Id.* On her first day of employment, Williams witnessed two other employees, Ebony Campbell and Deron Johnson, fornicating on Defendant's premises. *Id.* Plaintiff alleges she reported the incident to her supervisor. *Id.* After she reported the incident, Ebony and Johnson began harassing her. *Id.* At some point, she alleges Johnson began making sexual innuendos at her and calling her sexually derogatory names such as "whore", "slut" and "stupid bitch". *Id.* Plaintiff again reported the multiple negative interactions to her supervisor. *Id.*

At some point later, as Plaintiff's husband, Demas Washington, walked her into work, she alleges Johnson attacked her with a shovel. *Id.* Washington was hit in his attempt to fend off the attack and Johnson was ultimately arrested by the St. John's Police Department. *Id.* After the attack, the Police advised her that the premise was unsafe, and Petitioner returned home before the end of her shift. *Id.* Petitioner alleges she sent a text message to the facilities Head Coordinator to make him aware of the incident. *Id.*

At some point after, Plaintiff was notified that she was being suspended for three-days for leaving work the night of the incident without permission. Res-Care also notified her that it would be conducting an investigation into the incident. On May 4, 2017, Res-Care notified Plaintiff she was being fired as a result of the incident. *Id.* On October 5, 2017, Defendants removed this action to federal court on the basis of the Court's original jurisdiction of Plaintiff's Title VII claim. R. Doc. 1.

On March 9, 2018, the Court issued a show cause order requiring Plaintiffs to explain their failure to prosecute Deron Johnson. R. Doc. 14. On March 13, 2018, Plaintiffs responded by moving for entry of default against Johnson. R. Doc. 15. On June 22, 2018, the Court issued a second show cause order for failure to prosecute. R. Doc. 17. Plaintiff responded stating their attorney of record, Robert B. Evans, III was suffering medical issues and has been unable to prosecute the case. R. Doc. 18.

On February 4, 2019, attorney Nicholas Alexander Holton was added as additional attorney of record for the Plaintiffs. R. Doc. 20. On February 28, 2019, the Court issued a third show cause order requiring Plaintiffs to explain their failure to prosecute. R. Doc. 22. In response, Plaintiffs responded that Evans had been temporarily suspended from the practice of law pending the outcome of a disciplinary investigation. R. Doc. 23. Holton contended he had insufficient time to review the client's file and prosecute the claim properly. *Id.*

Despite this, Plaintiff's counsel still did not time move for timely motion of default against Johnson. As such, the undersigned United States Magistrate Judge issued a report and recommendation recommending that the plaintiffs' claims against defendant Deon Johnson be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). R. Doc. 25. On January 8, 2020, the District Judge adopted that report and recommendation and dismissed Deron Johnson without prejudice. R. Docs. 29, 30.

On January 15, 2020, the undersigned conducted a Rule 16 conference with Plaintiffs and the sole remaining Defendant Res-Care, Inc. R. Doc. 31. The parties consented to proceed before the undersigned United States Magistrate Judge. *Id.*

On March 27, 2020, Defendant Res-Care filed a Motion to Compel Discovery Responses. R. Doc. 34. Plaintiffs did not file a response and the Defendant's motion was granted as unopposed. R. Doc. 35. In addition, the Court awarded attorneys fees for the motion. *Id.*

As such, Defendant filed the instant motion to fix attorneys fees seeking the Court award attorneys' fees in the amount of $676.00 incurred in bringing the motion to compel and $1,845.00 incurred in bringing the motion to fix fees. *Id.*

Plaintiffs' counsel filed an opposition to the motion to fix attorneys' fees claiming that he has been unable to get in contact with his clients, the Plaintiffs, because their phone has been disconnected. R. Doc. 37. Plaintiffs' counsel also contends the Defendant is not entitled to any fees but should the Court award fees that it should be limited to the $676.00 incurred on the actual motion to compel. *Id.* As such, the Plaintiffs seek the Court disallow the $1,845.00 sought for Defendant's filing of this instant motion. *Id.*

II.     **Standard of Review**

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433

3

(1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### III. Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Defendant's counsel seeks a reasonable hourly rate of $205.00 per hour for the work done by attorney Christy L. McMannen. R. Doc. 36-2. McMannen graduated from Tulane Law School in 2007 and that same year was admitted to practice law in the State of Louisiana. McMannen has twelve (12) years of experience in sexual discrimination cases. *Id.* Importantly, Plaintiffs do not oppose the hourly rate proposed by McMannen. As such, the Court finds the rate *prima facie* reasonable.

    **IV.**    **Hours Reasonably Spent on Litigation**

Next, the court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time-expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").

Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds, Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Defendant contends that it took 3.3 hours, in total, drafting the motion to compel. R. Doc. 36-2. On Defendant's contemporaneous billing sheets, Defendant indicates that it took 0.3 hours drafting a letter to Plaintiffs' counsel regarding the outstanding discovery, another 0.2 hours sending a follow-up email to Plaintiffs' counsel regarding the outstanding discovery, and two additional entries for 1.0 and 1.8 hours preparing the actual motion to compel. *Id.*

The motion to compel itself and the memorandum provided in support total five pages in length, two of which are signature blocks. R. Doc. 34. Substantively, Defendant only cited to the Federal Rules of Civil Procedure 33, 34, and 26. *Id.* Appended to the motion are three exhibits: the discovery requests, the letter to Plaintiffs' counsel, and the follow-up email to Plaintiff's counsel. R. Docs. 34-2, 3, 4.

Given McMannen's twelve years of experience, the Court finds it quite incredulous that she took 2.8 hours drafting what is essentially three pages. As such, the Court will adjust attorney McMannen's time calculus downward. The Court, therefore, finds only 1.5 hours should be awarded for the actually drafting of the motion to compel and adjusts Defendant's request downward by 1.3 hours. *New Orleans Paddlewheels v. Kish & Co., LLC*, No. CV 03-3569, 2005 WL 8173898, at *5 (Roby, M.J.) (E.D. La. Aug. 16, 2005) (reducing award to 1.5 hours where the substance of the motion, including the memorandum, consists of 3 pages and contains minimal legal analysis); *Smith v. Diamond Offshore Mgmt. Co.*, No. CIV.A. 03-2024, 2004 WL 2694901, at *5 (Roby, M.J.) (E.D. La. Nov. 23, 2004) (finding because motion was not complex and given the defendant's counsel's extensive experience in employment litigation matters, that generating

the motion to compel discovery should not have exceeded 2.0 hours); *Picard v. St. Tammany Par. Hosp.*, No. CIV.A. 08-0824, 2009 WL 911003, at *4 (Roby, M.J.) (E.D. La. Mar. 27, 2009) (same).

Defendant initially sought 9.0 hours for drafting the instant motion for fix attorneys' fees. R. Doc. 36. In Defendant's reply, however, the Defendant reduces this time to 8.0 hours, 5.0 hours drafting the motion for attorneys' fees and 3.0 hours reviewing Plaintiff's opposition and drafting a reply. Notwithstanding, no contemporaneous billing sheet was included. R. Doc. 41.

As such, the Court notes this portion of Defendant's request for attorneys' fees does not comply with Local Rule 54.2 as it fails to include with it a "verified contemporaneous report reflecting the date, time involved, and nature of the services performed." LR 54.2 Award of Attorneys' Fees. This omission flounders the Court's ability to review this attorneys' fees request for the exercise of reasonable billing judgment. In consequence, the court will analyze this request based solely on the time it would take a reasonable attorney of the same locality and experience with a similar case and motion to adequately prepare this instant motion to fix attorneys' fees.

The Court is of the opinion that 8.0 hours to draft a motion to fix attorneys' fees is quite excessive. In *Picard*, this Court found that 1.5 hours was reasonable amount of time to draft and file a motion to fix attorneys fees. *Picard*, 2009 WL 911003, at *4. Again, the Court notes the lack of substantive depth in the motion. Notwithstanding, the Defendant's counsel did cite to multiple cases to support her reasonable fee award. In addition, Plaintiffs' filed an opposition to which Defendant's counsel filed a reply applying each of the twelve *Johnson* factors to the facts of this case. R. Doc. 41.

The Court finds in this situation a downward adjustment is necessary. As such, this Court finds given the experience of McMannen, the lack of complexity in the motion, and that in the reply McMannen needed only address the number of reasonable hours—and not the

reasonableness of the hourly fee amount, that 3.0 hours is reasonable amount of time spent. As such, the Court will adjust the award downward by 5.0 hours.

The Court, therefore, awards Defendant 2.0 hours in connection with the underlying motion to compel and 3.0 hours filing the instant motion to fix attorneys' fees.

### I. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for the attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| Christy L. McMannen | $205.00 | 5.0 | $1,025.00 |
| | | Total: | $1,025.00 |

The total *Lodestar* amount then is **$1,025.00**.

### II. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

The Court finally notes that throughout the course of this litigation that Plaintiffs have been involved in multiple transgressions for failure to timely respond and prosecute, making an award of attorneys' fees in this instance appropriate. In addition, while Plaintiffs' counsel may not have been able to reach Plaintiffs due to the pandemic, he had the ability to file an opposition explaining the difficulties in communicating with them but neglected to do so. This litigation has been riddled with Plaintiffs' counsel's repeated failures to appropriately and timely file motions and oppositions. Given these numerous transgressions, the Court is of the opinion that the fee be award against Plaintiffs' counsel Nicholas Alexander Holton and not the Plaintiffs themselves.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Fix Attorney's Fees (R. Doc. 36)** is **GRANTED.** Defendants are awarded reasonable attorneys' fees and expenses in the amount of **$1,025.00**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel Nicholas Alexander Holton shall satisfy its obligation to Defendants no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 19th day of August 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**