UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE WILLIAMS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    17-10200** |
| **RES-CARE, INC.** | **SECTION: "KWR" (4)** |

### ORDER

Before the Court is **Res-Care, Inc.'s Motion to Dismiss for Failure to Comply with Discovery Order (R. Doc. 42)** seeking dismissal of Plaintiffs' claims against Res-Care, with prejudice, due to Plaintiffs' failure to comply with this Court's April 30, 2020 Discovery Order (R. Doc. 35). This motion is unopposed. This motion was submitted on July 8, 2020 and was heard on the briefs.

I.   **Background**

On August 25, 2017, Plaintiff Leslie Williams filed her Petition for Damage in 40th Judicial District Court for the Parish of St. John in Louisiana State Court. R. Doc. 1-1. Williams and her husband, Demas Washington, seek damages for sexual discrimination, intentional infliction of emotional distress, retaliation, and battery. *Id.*

Plaintiffs allege that Williams was hired as a caregiver at Defendant Res-Care's Mayflower location. *Id.* On her first day of employment, Williams witnessed two other employees, Ebony Campbell and Deron Johnson, fornicating on Defendant's premises. *Id.* Plaintiff alleges she reported the incident to her supervisor. *Id.* After she reported the incident, Ebony and Johnson began harassing her. *Id.* At some point, she alleges Johnson began making sexual innuendos at her and calling her sexually derogatory names such as "whore", "slut" and "stupid bitch". *Id.* Plaintiff again reported the multiple negative interactions to her supervisor. *Id.*

Thereafter, as Plaintiff's husband, Demas Washington, walked her into work, she alleges Johnson attacked her with a shovel. *Id.* Washington was hit in his attempt to fend off the attack

and Johnson was ultimately arrested by the St. John's Police Department. *Id.* After the attack, the Police advised her that the premise was unsafe, and Petitioner returned home before the end of her shift. *Id.* Petitioner alleges she sent a text message to the facilities Head Coordinator to make him aware of the incident. *Id.*

At some point after that, Plaintiff was notified that she was being suspended for three-days for leaving work the night of the incident without permission. Res-Care also notified her that it would be conducting an investigation into the incident. On May 4, 2017, Res-Care notified Plaintiff she was being fired as a result of the incident. *Id.* On October 5, 2017, Defendants removed this action to federal court on the basis of the Court's original jurisdiction of Plaintiff's Title VII claim. R. Doc. 1.

On March 9, 2018, the Court issued a show cause order requiring Plaintiffs to explain their failure to prosecute Deron Johnson. R. Doc. 14. On March 13, 2018, Plaintiffs responded by moving for entry of default against Johnson. R. Doc. 15. On June 22, 2018, the Court issued a second show cause order for failure to prosecute. R. Doc. 17. Plaintiff responded stating their attorney of record, Robert B. Evans, III was suffering medical issues and has been unable to prosecute the case. R. Doc. 18.

On February 4, 2019, attorney Nicholas Alexander Holton was added as additional attorney of record for the Plaintiffs. R. Doc. 20. On February 28, 2019, the Court issued a third show cause order requiring Plaintiffs to explain their failure to prosecute. R. Doc. 22. In response, Plaintiffs responded that Evans had been temporarily suspended from the practice of law pending the outcome of a disciplinary investigation. R. Doc. 23. Holton contended he had insufficient time to review the client's file and prosecute the claim properly. *Id.*

Despite this, Plaintiff's counsel still did not time move for timely motion of default against Johnson. As such, the undersigned United States Magistrate Judge issued a report and

recommendation recommending that the plaintiffs' claims against defendant Deon Johnson be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). R. Doc. 25. On January 8, 2020, the District Judge adopted that report and recommendation and dismissed Deron Johnson without prejudice. R. Docs. 29, 30.

On January 15, 2020, the undersigned conducted a Rule 16 conference with Plaintiffs and the sole remaining Defendant Res-Care, Inc. R. Doc. 31. The parties consented to proceed before the undersigned United States Magistrate Judge. *Id.*

On March 27, 2020, Defendant Res-Care filed a Motion to Compel Discovery Responses. R. Doc. 34. Plaintiffs did not file a response and the Defendant's motion was granted as unopposed requiring Plaintiffs to respond to Defendant's Interrogatories and requests for Production of Documents no later than May 14, 2020. R. Doc. 35. To date, despite multiple attempts by Defendant, these discovery requests remain outstanding.

Subsequent to the filing of the motion to compel, but preceding the filing of this motion, Plaintiffs' counsel filed a pleading claiming that he has been unable to get in contact with his clients, the Plaintiffs, because their phone has been disconnected. R. Doc. 37.

As a result of these transgressions, the Defendant Res-Care seeks the dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 37 and 41 for failure to participate in discovery. R. Doc. 42. Res-Care seeks an award of attorney's fees and costs associated with bringing the instant motion. *Id.*

II.     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 41 provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41 (b).

Rule 37 further provides that a court may award sanctions against a party who fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Specifically, Rule 37 provides in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 639–40 (1976) (citing Fed. R Civ. Pro. 37).

Rule 37 also provides that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Fifth Circuit has clarified "dismissal with prejudice typically is appropriate only if (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct . . . (2) the violation of the discovery order [is] attributable to the client instead of the attorney. . . (3) the violating party's misconduct [] 'substantially prejudice the opposing party' . . . [and], (4) a less drastic sanction would [not] substantially achieve the desired deterrent effect." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (internal citations omitted).

### III.  Analysis

Defendant Res-Care contends that Plaintiffs have had more than ample opportunity to provide the discovery responses at issue. R. Doc. 42-1, p. 4. Despite this, Plaintiffs have neither provided the discovery responses nor in anyway moved to prosecute the case that they filed. *Id.*

4

Defendant contends that Plaintiffs' repeated refusal to take their counsel's phone call should be interpreted as a willful disregard of the discovery process and evidences a clear record of delay of these proceedings. *Id.* Moreover, because the Defendant has no discovery from Plaintiffs to date, they contend Plaintiffs' failure to respond results in significant prejudice to them. *Id.* Finally, Defendant contends that a less drastic sanction would not achieve the same effect where this case has been pending for three years and Res-Care is entitled to a resolution in this matter. *Id.*

The Court agrees that this litigation has been riddled by constant and repetitive plight. As this Court noted in its previous order, throughout the course of this litigation the Plaintiffs have been involved in multiple transgressions for failure to timely respond and prosecute. *See* R. Doc. 43. However, as this Court previously alluded to, many of these transgressions have been attributable to Plaintiffs' counsel's repeated failures to appropriately and timely file motions and oppositions. *See id.* In fact, at one point, Plaintiffs' lawyer was barred from practicing in this Court due to disciplinary reason. *See* R. Doc. 23.

Despite enrolling a new counsel of record, he too seems unable to timely file motions and oppositions, cooperate in the discovery process, or consistently communicate with opposing counsel or this Court. The only time that the Plaintiffs' attorney has ever filed an opposition was when he was under threat, with a motion for attorneys' fee that could have been imposed against him personally, which suggests to this Court that he places his own interest above the interest of his clients.

Again, the Court notes, while Plaintiffs' counsel may not have been able to reach Plaintiffs due to the pandemic or disconnected phone lines, he had the ability to file an opposition explaining the difficulties in communicating with them and neglected to do so. *See id.* As such, in this situation, where Plaintiff's counsel has committed more transgressions than the Plaintiffs

themselves, it is not clear to the Court that the fault is more attributable to the client than to the attorney.

Moreover, the Fifth Circuit has suggested that courts give fair notice to litigants that their claims are subject to dismissal for violation of the court's discovery orders. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (permitting dismissal after second discovery order unambiguously and specifically stated: "Plaintiffs who are found to have violated this Court's Order . . . will have their claims dismissed."); *see also Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010) (dismissal warranted after second discovery order that specifically warned plaintiff that failure to comply would result in dismissal of the case because it proved lesser sanctions in fact were ineffective).

In this case, the Court can only point to one instance in which the failure to produce discovery may have been caused by the Plaintiffs. In addition, this Court is hesitant to impose without an explicit prior warning that dismissal could result. *See Conner*, 20 F.3d at 1383. As such, the Court denies Defendant Res-Care's Motion to Dismiss for Failure to Comply with Discovery Order.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant **Res-Care, Inc.'s Motion to Dismiss for Failure to Comply with Discovery Order (R. Doc. 42)** is **DENIED.**

New Orleans, Louisiana, this 7th day of October 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**